# EXHIBIT G



Ben North <ben@binnall.com>

## Fwd: REVISED Standard for Additional Retaliation Allegation

Begin forwarded message:

> **From:** Thomas Bluestein <tblueste@gmu.edu>
> **Date:** October 4, 2023 at 5:02:16 PM GMT+1
> **To:** Joshua Wright <joshua.wright@gmail.com>
> **Cc:** Lindsay McKasson <lindsay@binnall.com>, Title IX <titleix@gmu.edu>
> **Subject: REVISED Standard for Additional Retaliation Allegation**

Dear Josh,

Apologies for the second email and necessity of revising my email sent out yesterday regarding the Standard for the Additional Retaliation allegation. Upon reviewing the email sent yesterday once again, we noted some errors that necessitate this revision. Accordingly, please use the language in this email as the Revised standard for the additional retaliation allegation (I have noted the material changes with an underline):

As you are aware, the Notice of Investigation in your Title IX matter was recently amended to add a new claim by the Complainant of Retaliation, specifically that a lawsuit filed by you in Fairfax Circuit Court against her constitutes retaliation. I am writing to provide both parties with additional information about the standard the University will use to evaluate this claim.

The Title IX Regulation, §106.71(b) states that the "exercise of rights protected under the First Amendment does not constitute Retaliation." It is well established that filing a lawsuit can constitute protected activity under the petition clause of the First Amendment. However, the Supreme Court and other courts have held that a "baseless lawsuit" filed with "the intent of retaliating" is not protected by the First Amendment and can constitute Retaliation. *Bill Johnson's Rest. v. NLRB*, 461 U.S. 731, 744 (1983); *see also Darveau v. Detecon*, 515 F.3d 334, 341 (4th Cir., 2008) (lawsuit can constitute retaliation when "filed with a retaliatory motive and lacking a reasonable basis in fact or law").

Therefore, in compliance with the Title IX Regulation and the First Amendment, in investigating and evaluating this specific claim of Retaliation, the investigator and Hearing Officer will apply the following standard <u>to determine whether the lawsuit is or is not protected activity under the First Amendment and thus whether it can constitute Retaliation:</u>

-
   1. Does the underlying lawsuit have a <u>reasonable</u> basis in law or fact?
   2. Was the lawsuit filed with retaliatory motive?

<u>Please note that this standard will be used to assess whether the lawsuit can constitute Retaliation or cannot because it is protected activity under the First Amendment. If it is determined that the lawsuit can constitute Retaliation, the hearing officer will also determine whether it does constitute Retaliation using the definition of Retaliation in Policy 1202.</u>

The investigator in this matter, Mariah Passarelli, has been notified that this standard is to be applied by the Hearing Officer, so Mariah stated that she will frame the scope of her additional investigation to this standard. Likewise, the Hearing Officer will be notified that this standard should be used in adjudicating this claim.

Please expect Mariah to reach out to schedule time to meet with you soon.

Thank you and please let me know if you have any questions.

Tom

--

**Thomas ("Tom") M. Bluestein, J.D.**

Assistant Vice President, Equity and Access Services

Title IX Coordinator

George Mason University

Office for Diversity, Equity and Inclusion

4400 University Dr., MSC 2C2

Fairfax, VA 22030

Main Office: 703-993-8730

tblueste@gmu.edu

titleix@gmu.edu